

# NUMBER 13-23-00053-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE PAUL DAVID ALTHEIDE

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Justices Benavides, Tijerina, and Peña**
**Memorandum Opinion by Justice Benavides[1]**

On February 8, 2023, relator Paul David Altheide filed a petition for writ of mandamus through which he asserted that the trial court abused its discretion by issuing an order on February 7, 2023 requiring Altheide to comply with a subpoena duces tecum. Altheide is the president and chief executive officer of the Ed Rachel Foundation;

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."); *id.* R. 47.4 (explaining the differences between opinions and memorandum opinions).

however, the subpoena at issue was directed to him individually. By emergency motion for temporary relief, Altheide sought to stay the trial court's February 7, 2023 order pending the resolution of his petition for writ of mandamus. This Court granted Altheide's emergency motion for temporary relief and requested the real parties in interest, Margaret Doughty and Edith Gower, to file a response to the petition for writ of mandamus.

However, the real parties in interest have now filed a motion to dismiss this original proceeding on grounds that it is moot. A case is moot when a justiciable controversy does not exist between the parties or when the parties do not have a legally cognizable interest in the outcome. *See Abbott v. Mex. Am. Leg. Caucus, Tex. House of Representatives*, 647 S.W.3d 681, 689 (Tex. 2022); *Heckman v. Williamson County*, 369 S.W.3d 137, 162 (Tex. 2012). The real parties assert that the trial court vacated its February 7, 2023 order on February 9, 2023. The real parties have provided the Court with a copy of the February 9, 2023 order, which expressly references the trial court's February 7, 2023 order and "vacates its prior order denying Ed Rachel Foundation's motion for protective order."

This Court requested and received a response to the motion to dismiss from Altheide. Altheide asserts that the February 9, 2023 order "does not properly vacate the February 7 order" because the order refers to the "prior order denying Ed Rachel Foundation's motion for protective order," rather than the prior order denying *Altheide's* motion for protective order. We agree that the language in the order is spurious, however, based on the mandamus record provided, the trial court intended to vacate the exact order at issue in this original proceeding. And saliently, Altheide does not contend that the February 7, 2023 order remains in effect.

Altheide also argues that this matter is not moot because it is subject to the

2

"capable of repetition" rule regarding mootness. The "capable of repetition" rule applies when: (1) the challenged action was too short to be fully litigated before the action ceased or expired, and (2) a reasonable expectation exists that the litigant will be subject to the same action again. *See Pressley v. Casar*, 567 S.W.3d 327, 331 (Tex. 2019). In support of this contention, Altheide asserts that "[n]one of the parties have promised not to subpoena [him] again." However, Altheide has not shown that "the time between the challenged action and its expiration is always so short as to evade review." *Coburn v. Moreland*, 433 S.W.3d 809, 825 (Tex. App.—Austin 2014, no pet.). And further, a "theoretical possibility that the same party may be subjected to the same action again is not sufficient to satisfy the [capable of repetition] test." *Trulock v. City of Duncanville*, 277 S.W.3d 920, 924–25 (Tex. App.—Dallas 2009, no pet.). Accordingly, we conclude that this original proceeding is moot.

The Court, having examined and fully considered the motion to dismiss and the response thereto, is of the opinion that the motion to dismiss should be granted. *See In re Contract Freighters, Inc.*, 646 S.W.3d 810, 813 (Tex. 2022) (orig. proceeding) (per curiam); *Heckman*, 369 S.W.3d at 162; *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding). We grant the real parties' motion to dismiss. We lift the stay previously imposed in this original proceeding, and we dismiss this petition for writ of mandamus as moot. *See* TEX. R. APP. P. 52.8, 52.10(b).

GINA M. BENAVIDES
Justice

Delivered and filed on the
6th day of March, 2023.